**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL C. SCOTT,

Defendant-Appellant.

No. 01-1539
(D.C. No. 00-CR-296-WM)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **ANDERSON** , Circuit Judge, and **BRORBY** ,
Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Michael C. Scott appeals the sentence imposed following his convictions for three counts of sending threatening communications in violation of 18 U.S.C. § 875(c), and one count of sending a threatening communication with an intent to extort in violation of 18 U.S.C. § 875(b). He argues that the trial court erred in imposing a 6-level upward adjustment for conduct evidencing an intent to carry out the threats and by determining that it was precluded from departing downward based on diminished capacity. We affirm.

Mr. Scott entered a guilty plea to the four counts of sending threatening communications by e-mail. The e-mails mentioned specific weapons. The district court determined that Mr. Scott's possession of these weapons as well as his going to the home of an FBI agent whom he had threatened constituted conduct evidencing an intent to carry out the threats. Accordingly, the court imposed a 6-level specific offense characteristic increase under USSG § 2A6.1(b)(1) ("If the offense involved any conduct evidencing an intent to carry out such threat, increase by 6 levels.").

Mr. Scott argues that because he possessed these weapons long before he made the threats and that the district court committed clear error in determining that he had gone to the agent's home, the court erred in imposing the enhancement. "We review factual findings supporting a sentencing decision for clear error and will not disturb such findings unless they have no basis in the

record." *United States v. Martin*, 163 F.3d 1212, 1217 (10th Cir. 1998), *cert. denied*, 526 U.S. 1137 (1999). The fact that Mr. Scott had possessed the weapons before he made the threats charged in the indictment does not mean that he did not intend to carry out the threats. It is undisputed that Mr. Scott possessed approximately 80 firearms and 40,000 rounds of ammunition as well as information pertaining to the construction and use of weapons and explosives. In addition, evidence was introduced that Mr. Scott followed an FBI agent to his home. Mr. Scott disputes the sufficiency of this evidence because the witnesses could not positively identify him as the individual who went to the agent's home. However, the district court's conclusion that Mr. Scott had followed the agent came from his own admission that he had followed the agent. Accordingly, we cannot say that the court committed plain error in enhancing the sentence under § 2A6.1(b)(1).

Mr. Scott also argues that the trial court erred by failing to grant a downward departure for diminished capacity. Under USSG § 5K2.13, p.s., a downward departure may be warranted if the defendant committed the offense while suffering from a "significantly reduced mental capacity." However, the section also provides that the court may not depart if "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence."

The court concluded that although Mr. Scott suffered from diminished capacity, it was precluded from granting the departure by the Guidelines as a matter of law because Mr. Scott's actions included very serious threats of violence. We review the district court's legal conclusions de novo and its factual findings for clear error, affording great deference to the district court's application of the Guidelines to the facts. *United States v. Eaton*, 260 F.3d 1232, 1237 (10th Cir. 2001).

We have already determined that there was sufficient evidence to support the district court's enhancement for conduct evidencing an intent to carry out the threats. This evidence also supports the conclusion that there existed a serious threat of violence. Accordingly, the court did not err in concluding that it was precluded from granting a downward departure for diminished capacity.

The judgment of the United States District Court for the District of Colorado is **AFFIRMED**.

Entered for the Court


Deanell Reece Tacha
Chief Judge